**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SONIA MONTIEL and CAROL NUNES-MCNAMARA, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | CASE NO.: CA 07 064 ML |
| v. | ) | CLASS ACTION |
| DAVOL INC., and C.R. BARD, INC. | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**
**UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol") request that this Court dismiss plaintiffs' Complaint in its entirety. As more fully set forth in their accompanying Memorandum of Law filed herewith, Bard and Davol state:

1. The DTPA by its terms is inapplicable here. The DTPA explicitly does not apply to any activity regulated by federal or state law. R.I. Gen. Laws § 6-13.1-4. Bard and Davol are medical device manufacturers, and every aspect of their operations is regulated under a comprehensive federal regulatory regime. Under clear Rhode Island Supreme Court precedent, Bard and Davol cannot be liable under the DTPA. *State v. Piedmont Funding Corp.*, 382 A.2d 819, 822 (R.I. 1978) ("[t]he Legislature clearly exempted from the Act all those activities and businesses which are subject to monitoring by state or federal regulatory bodies or officers.").

2. The DTPA applies only to consumers who have purchased or leased goods or services and who, as a result of an alleged unfair or deceptive practice or act, have suffered an "ascertainable loss of money or property." R.I. Gen. Laws § 6-13.1-5.2. Plaintiffs, who

acknowledge that their medical devices have *not* failed or caused them any injury, by definition cannot satisfy this requirement. *Kennedy v. Acura*, No. 01-4063, 2002 WL 31331373 (R.I. Super. Aug. 28, 2002) (granting motion to dismiss claim based on possible future product failure).

3. Plaintiffs have not adequately pleaded the requirements of the DTPA that they are "purchasers" or that the defendants did any particular act that violated any particular provision of the DTPA.

4. Lastly, the relief at the heart of plaintiffs' complaint, medical monitoring, is not even recognized by Rhode Island law.

Pursuant to LR Cv 7(e), defendants request oral argument in this matter. It is anticipated that each side will require thirty minutes for argument.

Accordingly, this Court should dismiss plaintiffs' Complaint for failure to state a claim upon which relief may be granted.

RESPECTFULLY SUBMITTED this 6th day of March, 2007.

/s/ Mark T. Nugent
Mark T. Nugent
RI Bar No. 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-4660
(401) 351-4420 (fax)
mnugent@morrisonmahoney.com

Joe G. Hollingsworth, *pro hac vice* pending
D.C. Bar No. 203273
Kirby T. Griffis, *pro hac vice* pending
VA Bar No. 39342
William J. Cople, III, *pro hac vice* pending
D.C. Bar No. 384984
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
jhollingsworth@spriggs.com
kgriffis@sprigg.com
wcople@spriggs.com

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2007, a copy of the foregoing C.R. Bard, Inc.'s and Davol Inc.'s Motion to Dismiss and Memorandum of Law in Support were electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald A. Migliori
Motley Rice
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067

***Counsel for Plaintiffs***

/s/ Mark Nugent
Mark Nugent