**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SONIA MONTIEL and CAROL NUNES-MCNAMARA, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | CASE NO.: CA 07 064 ML |
| v. | ) | CLASS ACTION |
| DAVOL INC., and C.R. BARD, INC. | ) | |
| Defendants. | ) | |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol") request that this Court dismiss Plaintiffs' First Amended Complaint in its entirety. As more fully set forth in the Memorandum of Law filed herewith, Bard and Davol state:

1. Plaintiffs seek recovery under traditional product liability claims, such as negligence and breach of implied warranty of merchantability, yet they have suffered no compensable injury as evidenced by the very allegations contained in their original complaint. Such speculative claims are contrary to fundamental tort law and therefore fail as a matter of law. *See, e.g., Khan v. Shiley Inc.*, 217 Cal. App. 3d 848, 857 (1990) ("[a] cause of action d[id] not . . . exist under any theory premised on the *risk* the [device] *may* malfunction in the future. This includes negligence, *i.e.*, failure to warn, and breach of warranty."); *Board of Educ. v. A,C and S, Inc.*, 546 N.E.2d 580, 587 (Ill. 1989) ("[t]he dangerousness which creates [but] a *risk of harm* is insufficient standing alone to award damages in either strict products liability or negligence."); *Plummer v. Abbott Labs.*, 568 F. Supp. 920, 922 (D.R.I. 1983) ("It is an

abecedarian principle of tort law that an individual must be injured to recover for the negligent acts of another.").

2. Plaintiffs' product liability claims additionally fail because there can be no recovery in a products liability context where the product functions exactly as the consumer expected and the manufacturer intended. *See, e.g., Khan*, 217 Cal. App. 3d at 855 ("[n]o matter which [product liability] theory is utilized, however, where a plaintiff alleges a product is defective, proof that the product has malfunctioned is essential to establish liability for an injury *caused by the defect.*"); *Alvarez v. American Isuzu Motors*, 749 N.E.2d 16, 25 (Ill. App. Ct. 2001) (affirming judgment notwithstanding the verdict in favor of defendant where plaintiff failed to prove that product defect, attributable to defendant, caused claimed injuries.").

3. Plaintiffs' unjust enrichment claim also fails as a matter of law. Neither California nor Illinois recognize unjust enrichment as a stand-alone cause of action, contrary to Plaintiffs' allegations. *See Walker v. USAA Cas. Ins. Co.*, -- F. Supp. 2d --, 2007WL460944, at *4 (E.D. Cal. Feb. 12, 2007); *Lewis v. Lead Indus. Ass'n*, 793 N.E.2d 869, 877 (Ill. App. Ct. 2003). More fundamentally, however, Plaintiffs unjust enrichment claim fails in every jurisdiction because Plaintiffs have received an effective, defect-free device in the repair of their hernias. Accordingly, it cannot be said that Defendants have been *unjustly* enriched. *See, e.g., Rhode Island Brotherhood of Correctional Officers v. Rhode Island*, 264 F. Supp. 2d 87, 105-06 (D.R.I. 2003).

Pursuant to LR Cv 7(e), defendants request oral argument in this matter. It is anticipated that each side will require thirty minutes for argument.

Accordingly, this Court should dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief may be granted.

RESPECTFULLY SUBMITTED this 30th day of April, 2007.

/s/ Mark T. Nugent
Mark T. Nugent
RI Bar No. 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-4660
(401) 351-4420 (fax)
mnugent@morrisonmahoney.com

Joe G. Hollingsworth, *pro hac vice*
D.C. Bar No. 203273
Kirby T. Griffis, *pro hac vice*
VA Bar No. 39342
William J. Cople, III, *pro hac vice*
D.C. Bar No. 384984
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
jhollingsworth@spriggs.com
kgriffis@sprigg.com
wcople@spriggs.com

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2007, a copy of the foregoing Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint and Defendants' Memorandum of Law in support of same were electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald A. Migliori
Motley Rice
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067

***Counsel for Plaintiffs***

/s/ Mark Nugent
Mark Nugent

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

SONIA MONTIEL and CAROL NUNES-MCNAMARA, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

DAVOL INC., and C.R. BARD, INC.,

Defendants.

CASE NO.: CA 07 064 ML

CLASS ACTION

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

In this lawsuit, Plaintiffs Montiel and Nunes-McNamara claim an entitlement to damages because of the implantation into each of them of a Composix® Kugel® Patch, a prescription medical device. Defendants Davol and Bard moved to dismiss the original Complaint, pointing out that no cause of action existed under plaintiffs' sole count – the Rhode Island Deceptive Trade Practices Act – and that Rhode Island had never recognized their chief remedy, medical monitoring. Plaintiffs responded with an amended complaint, abandoning both the Deceptive Trade Practices claim and any mention of medical monitoring, and instead seeking relief under three new theories of liability: breach of implied warranty of merchantability (Count I), negligence (Count II), and unjust enrichment (Count III). But Plaintiffs – who disclosed in their first Complaint that they have no physical injury compensable under state tort law – cannot invoke these product liability causes of action due to longstanding principles of tort law barring recovery in the absence of injury caused by product defect. In the absence of allegations of a manifest product defect resulting in injury, Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted and must be dismissed under Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

**I. Plaintiffs Do Not Have Compensable Physical Injuries.**

As Plaintiffs made clear in their original Complaint, neither of them has suffered any physical injury that could support personal-injury tort liability. *See* Orig. Compl. ¶ 29 (Plaintiffs alleging that they had a Composix® Kugel® Patch implanted and "have *not developed a manifest and diagnosed injury . . . of a degree or severity that would permit individual personal injury lawsuits to be commenced* in their state of residence" (emphasis added)).[1] Plaintiffs now try to do in their Amended Complaint precisely what they admitted they could not in their original Complaint – bring individual personal injury claims under ordinary tort causes of action. But they cannot distance themselves from the clear factual admissions made in their original Complaint that they have not suffered compensable physical injuries. *See Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., Inc.*, 976 F.2d 58, 61 (1st Cir. 1992) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding."); *Wiseman v. Reposa*, 463 F.2d 226, 227 (1st Cir. 1972) (facts alleged in superseded pleadings do not disappear, but constitute party admissions).

**II. There Is No Product Liability In The Absence Of Injury Caused By Defect.**

It is a fundamental principle of tort law that there is no tort without injury, and it is an equally fundamental principle of product liability law that there is no product liability without a product defect that produces injury. The Restatement (Second) of Torts provides that the seller of "any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability *for physical harm* thereby caused to the ultimate user or

---

[1] Plaintiffs' Amended Complaint alleges generically that Plaintiffs "ha[ve] sustained, and will continue to sustain, injuries and damages," *see* Amend. Compl. ¶¶ 28-29, but this is language copied from the original Complaint, *see* Orig. Compl. ¶¶ 27-28, and must be read in the light of their prior simultaneous assertion that they have suffered no physical injury cognizable under state law.

consumer, or to his property." Rest. (Second) of Torts § 402A (emphasis added). Likewise, the latest Restatement of Torts on Product Liability, specifically addressing the liability of manufacturers of medical devices and drugs, states that "[a] manufacturer of a … medical device … is subject to liability *for harm to persons* caused by the defect." Rest. (Third) of Torts (Products Liability) § 6 (emphasis added). *See*, *e.g.*, Prosser & Keeton, Torts § 95, p. 677 (5th ed. 1984); *Greenman v. Yuba Power Prods.*, 377 P.2d 897, 900 (1963) ("A manufacturer is strictly liable in tort when an article [it] places on the market . . . proves to have a defect that *causes injury* to a human being.") (emphasis added).

These basic principles of American tort law apply with equal force under the jurisprudence of any one the three jurisdictions that Plaintiffs might invoke (California, Illinois, and Rhode Island).[2] By their own admission, Plaintiffs "have not developed a manifest and diagnosed injury . . . of a degree or severity that would permit individual personal injury lawsuits to be commenced in their state of residence." Orig. Compl. ¶ 29. Thus, their claims fail as a matter of law.

---

[2] Plaintiffs' Amended Complaint is ambiguous as to what state's law is invoked. Nunes-McNamara is a resident of California whose Patch was implanted in California, *see* Amend. Compl. ¶¶ 3, 26, and Montiel is a resident of Illinois whose Patch was implanted in Illinois. *See id.* ¶¶ 2, 25. Despite having no personal connection to the forum state, Plaintiffs filed suit in Rhode Island.

### A. Plaintiffs' Negligence and Implied Warranty Claims Fail As A Matter Of Law In All Three Jurisdictions Identified.[3]

#### 1. California.

The principles of California law set forth in *Khan v. Shiley Inc.*, 217 Cal. App. 3d 848 (1990), bar Plaintiffs' negligence- and warranty-based claims. In *Khan*, just as here, the plaintiff filed suit after learning that a medical device she received was subject to a manufacturer recall. *See* 217 Cal. App. 3d at 851. Just as here, the complaint in *Khan* sought recovery despite acknowledging that the device the plaintiff received had not malfunctioned. *See id.* at 852. The *Khan* court rejected the plaintiff's claims and affirmed summary judgment in favor of the defendant. The court's decision turned on the undisputed fact that the plaintiff's device had not failed, and therefore the plaintiff had suffered no physical injury. The court held that under California law "[a] cause of action d[id] not . . . exist under any theory premised on the *risk* the valve *may* malfunction in the future. This includes negligence, *i.e.*, failure to warn, and breach

[3] Plaintiffs' claims would probably fail anywhere. *See Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627-28 (8th Cir. 1999) ("Where . . . a product performs satisfactorily and never exhibits an alleged defect, no cause of action lies."); *Lee v. General Motors Corp.,* 950 F. Supp. 170, 171-74 (S.D. Miss. 1996) (dismissing plaintiffs claims of inherently defective detachable fiberglass roofs for failure to plead sufficient damages); *Yost v. General Motors Corp.,* 651 F. Supp. 656, 657-58 (D.N.J. 1986) (holding that complaint alleging design defect "likely to cause" damage failed to state a claim); *Feinstein v. Firestone Tire & Rubber Co.,* 535 F. Supp. 595, 603 (S.D.N.Y. 1982) (holding no cause of action for defect which never manifests itself); *Pfizer v. Farsian,* 682 So.2d 405, 407 (Ala. 1996) (holding that a plaintiff's belief that a product could fail in the future is not, without more, a legal injury sufficient to support plaintiff's claim); *Zamora v. Shell Oil Co.,* 55 Cal. App.4th 204, 208 (1997) (holding that, in the absence of a product malfunction, a plaintiff cannot establish that a defendant breached any duty owed); *Verb v. Motorola, Inc.,* 672 N.E.2d 1287, 1295 (Ill. App. 1996) (dismissing claims against cellular telephone manufacturers alleging potential safety defects because "plaintiffs' future personal injury and damages claims constitute conjecture and speculation"). As one court has stated, "[l]iability does not exist in a vacuum; there must be a showing of some damage." *Feinstein,* 535 F. Supp. at 602. "It is well established that purchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product they own." *Weaver v. Chrysler Corp.,* 172 F.R.D. 96, 99 (S.D.N.Y. 1997); *see also Martin v. Ford Motor Co.,* 914 F. Supp. 1449, 1453 (S.D. Tex.1996) (stating that where plaintiffs admittedly have not sustained any personal injuries relating to the seat belt restraint system in a vehicle, plaintiffs cannot succeed on any of their claims); *Yost,* 651 F. Supp. at 657-58 ("The basic problem in this case is that plaintiff Yost has not alleged that he has suffered any damages. He has not stated that the engine in his vehicle is defective in any way.").

of warranty." *Id.* at 857 (emphasis in original). The same rationale and the same result should apply here, where Plaintiffs plainly seek recovery under products liability principles for the risk that the medical devices they received might malfunction in the future. *See* Amend. Compl. ¶ 20 (alleging that Defendants' products are defective "because they possess . . . [a] potential for breakage or malfunction" thus "subject[ing Plaintiffs] to [a] risk of resulting injury"). "So long as the [product] continues to function, no cause of action [for personal injury] exists under any products liability theory," because "[i]n the absence of product malfunction, [Plaintiffs] cannot establish [D]efendants breached any duty owed to [them]." *Id.* at 856, 857; *see also Zamora v. Shell Oil Co.*, 55 Cal. App. 4th 204, 211 (1997) (holding that homeowners' negligence cause of action against building contractor was barred in absence of manifest defect and resulting injury because "no element of 'damage' exists for a negligence cause of action").[4]

**2. Illinois.**

A product defect resulting in actual harm also is the predicate for a negligence or implied warranty claim under Illinois law. In *Board of Educ. v. A,C and S, Inc.*, 546 N.E.2d 580 (Ill. 1989), the Illinois Supreme Court reiterated that its "holdings . . . reinforce[] the necessity of physical damage to other property or personal injury, not merely a risk of injury or damage," as prerequisites to a cause of action for negligence (and strict liability). *Id.* at 587. Indeed, the "linchpin" to the court's analysis of the claims asserted in that case – for recovery of expenses related to asbestos abatement – was "whether . . . asbestos ha[d] caused damage to other property or injury to persons so as to fall within a tort claim." *Id.* at 587-89. Ultimately, the court concluded that the claims in *A,C and S, Inc.* were properly based upon damage to property and

[4] In the absence of physical injury, Plaintiffs' implied warranty claims are also barred by the lack of privity with Defendants. *See, e.g.*, 55 Cal. Jur. 3d (Sales) § 77 (2006) (noting that lack of privity is a defense to an action based on breach of an implied warranty, albeit not in actions for physical harm to persons).

allowed them to stand. *See id.* at 590-91. In reaching this conclusion, the court emphasized that "the [actionable] defect in a tort claim results in either personal injury or property damage," and it observed that "[t]hese principles have been applied and further examined in a number of cases." *Id.* at 586. Thus, although an allegedly defective product may create some perceived level of dangerousness, it is settled Illinois law that "[t]he dangerousness which creates [but] a *risk of harm* is insufficient standing alone to award damages in either strict products liability or negligence." *Id.* at 587 (emphasis added). Consequently, Plaintiffs' negligence claims are barred as a matter of Illinois law and should be dismissed. See *Verb v. Motorola, Inc.*, 672 N.E.2d 1287, 1295 (Ill. App. 1996) (dismissing claims against cellular telephone manufacturers alleging potential safety defects because "plaintiffs' future personal injury and damages claims constitute conjecture and speculation").

The same is true for Plaintiffs' implied warranty of merchantability claim. Illinois law recognizes "the inherent similarities between implied warranty of merchantability and strict liability causes of action. While these causes of action are not exactly identical, [Illinois courts] have determined that the existence of a defect in a product is a necessary requirement to prevail under either theory." *State Farm Fire & Cas. Co. v. Miller Elec. Co.*, 562 N.E.2d 589, 596 (1990). Therefore, an implied warranty of merchantability claim may be sustained only where a manifest product defect causes actual injury to the plaintiff. *See Verb*, 672 N.E.2d at 1295 (citing *Crest Container Corp. v. R.H. Bishop Co.*, 445 N.E.2d 19 (Ill. App. 1982)); *see also, e.g.*, *Harris v. Gen. Motors Corp.*, 34 Fed. Appx. 487, 490 (7th Cir. 2002) (not designated for publication) (affirming summary judgment where plaintiff could demonstrate neither a product defect nor an injury caused by that defect); *Alvarez v. Am. Isuzu Motors*, 749 N.E.2d 16, 25 (Ill. App. 2001) (affirming judgment notwithstanding the verdict in favor of defendant where plaintiff

failed to prove that product defect, attributable to defendant, caused claimed injuries); *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 638 (Ill. App. 2001) (affirming directed verdict in favor of defendants on breach of implied warranty claims because allegations of "noise emanating from the [car] engine, without any indication of a defect, is not enough to establish a breach of . . . warranty" because the "assertion that this noise caused concern and was an inconvenience is not compensable at law").[5]

### 3. Rhode Island.

In order to sustain a product-based negligence action under Rhode Island law, a plaintiff must allege and actually suffer some injury. "It is an abecedarian principle of tort law that an individual must be injured to recover for the negligent acts of another." *Plummer v. Abbott Labs.*, 568 F. Supp. 920, 922 (D.R.I. 1983). Because no compensable injury is alleged here, Plaintiffs' negligence claims fail as a matter of law.

Likewise, in order to recover for a breach of implied warranty of merchantability under Rhode Island law, a plaintiff must establish, among other things, injury to the plaintiff or his property which is proximately caused by the defective nature of the goods. *See Castrignano v. E.R. Squibb & Sons, Inc.*, 546 A.2d 775, 783 n.5 (R.I. 1988). Here, because Plaintiffs' pleadings reveal that they have suffered no legally cognizable injury, no cause of action for breach of implied warranty of merchantability may proceed. *See, e.g., Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627-28 (8th Cir. 1999) ("Where . . . a product performs satisfactorily and never exhibits an alleged defect, no cause of action lies."); *see also Rivera v. Wyeth-Ayherst Labs*, 283

---

[5] Without physical injury, Plaintiffs' implied warranty claims also fail as a matter of Illinois law for lack of privity with Defendants. *See Jensen v. Bayer AG*, 862 N.E.2d 1091, 1099-1100 (Ill. App. Ct. 2007) (recognizing that "a plaintiff may be excepted from the privity requirement by suing for personal injury" and affirming summary judgment where plaintiff did not and admittedly could not base implied warranty claims upon allegations of personal injury).

F.3d 315, 320 (5th Cir. 2002) (requiring showing that prescription drug be defective as to potential class representatives in order to support claim for breach of implied warranty of merchantability).

**B. Plaintiffs' Unjust Enrichment Claims Fail As A Matter Of Law.**

**1. California.**

California law does not recognize Plaintiffs' claim for unjust enrichment as a stand-alone cause of action. In *Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, (E.D. Cal. Feb. 12, 2007), the court granted the defendant's motion to dismiss "an independent cause of action for unjust enrichment," noting that "unjust enrichment is a merely a synonym for the remedy of restitution and not a stand-alone cause of action" in California. *Id.* at 1174. Indeed, "[t]here is *no cause of action* in California for unjust enrichment." *Id.* (quoting *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 794 (2003)). Plaintiffs' claim should be dismissed for this reason alone. *See, e.g., id.* at *5 (dismissing claim for unjust enrichment); *Enreach Tech., Inc. v. Embedded Internet Solutions, Inc.*, 403 F. Supp. 2d 968, 976 (N.D. Cal. 2005) ("[B]ecause unjust enrichment is not a valid cause of action in California, . . . Defendants are entitled to summary adjudication of the . . . cause of action for unjust enrichment.").

**2. Illinois.**

Plaintiffs' unjust enrichment theory finds no place in Illinois law. Similar to the law in California, Illinois courts do not recognize a true cause of action for unjust enrichment. "[T]he term 'unjust enrichment' is not descriptive of conduct which, standing alone, will justify an action for recovery." *Lewis v. Lead Indus. Ass'n*, 793 N.E.2d 869, 877 (Ill. App. Ct. 2003). In any event, unjust enrichment "does not result merely because the defendants' product may be hazardous." *A,C and S, Inc.*, 546 N.E.2d at 598. "Nor does the fact that there may be a contract

or tort action automatically invoke" the theory of unjust enrichment. *Id.* Here, in the product liability context, and in the absence of a product defect and resulting injury, Plaintiffs are entitled to compensation under the theory of unjust enrichment only if the Defendants would be unjustly enriched by the breach of some additional, independent duty owed to Plaintiffs. *See id.* ("There must be an independent basis which establishes a duty upon the defendant to act and the defendant must have failed to abide by that duty."). Because Defendants have no independent duty to inspect, repair, or replace the Composix® Kugel® Patches that were used to and effectively did repair Plaintiffs' hernias, Plaintiffs' unjust enrichment theory fails as a matter of law. *See id.* (affirming dismissal of unjust enrichment claims for lack of independent duty on the part of defendant "to inspect, repair or replace the product after it has been installed").

**3. Rhode Island.**

The same results would again obtain under Rhode Island law. "Recovery for unjust enrichment [under Rhode Island law] is predicated upon the equitable principle that one shall not be permitted to enrich himself at the expense of another by receiving property or benefits without making compensation for them." *Narragansett Electric Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006); *see also Ostroff v. FDIC*, 847 F. Supp. 270, 276 (D.R.I. 1994) ("The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust."). Thus, even if Rhode Island were to allow a separate cause of action for unjust enrichment, that theory of recovery cannot apply here, where Plaintiffs make no allegation that their Composix® Kugel® Patches have not functioned as expected by them and as intended by Defendants. Just as their negligence and warranty claims fail, the fact that the devices display no manifest defect defies any argument that Plaintiffs have unjustly conferred some benefit upon Defendants. To the contrary, Plaintiffs simply received the benefit of their "bargain" with Defendants, to the

extent there was any quasi-contractual relationship between the parties in the first place.[6] For this reason, Plaintiffs' unjust enrichment claims should be dismissed. *See Rhode Island Bhd of Corr. Officers v. Rhode Island*, 264 F. Supp. 2d 87, 105-06 (D.R.I. 2003) (dismissing unjust enrichment claim under Rhode Island law where plaintiff had not suffered a net loss on account of any benefit it may have conferred on defendant).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiffs' Amended Complaint with prejudice.

RESPECTFULLY SUBMITTED this 30th day of April, 2007.

/s/ Mark T. Nugent

Mark T. Nugent
RI Bar No. 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-4660
(401) 351-4420 (fax)
mnugent@morrisonmahoney.com

Joe G. Hollingsworth, *pro hac vice*
D.C. Bar No. 203273
Kirby T. Griffis, *pro hac vice*
VA Bar No. 39342
William J. Cople, III, *pro hac vice*
D.C. Bar No. 384984

[6] Rhode Island requires that the plaintiff show "that he or she conferred a benefit upon the party from whom relief is sought." *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 113 (R.I. 2005). Although Rhode Island law has not addressed the issue, this requirement should involve a *direct* relationship between a plaintiff and a defendant, and bars recovery where a medical product was sold to a third party who then provided it to the plaintiff. *See In re Rezulin Prods. Liab. Litig.*, 392 F. Supp. 2d 597, 619-20 (S.D.N.Y. 2005) (plaintiff who did not purchase drug directly from manufacturer may not assert unjust enrichment claim against manufacturer); *In re Vitamins Antitrust Litig.*, No. 99-197, 2001 WL 849928, at *8-9 (D.D.C. Apr. 11, 2001) (same). Plaintiffs have not alleged, of course, that they purchased their Patches directly from the Defendants, and this is an independent reason that the unjust enrichment count fails.

SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
jhollingsworth@spriggs.com
kgriffis@sprigg.com
wcople@spriggs.com

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.