**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SONIA MONTIEL and CAROL NUNES-MCNAMARA, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | CASE NO.: CA 07 064 ML |
| v. | ) | CLASS ACTION |
| DAVOL INC., and C.R. BARD, INC., | ) | |
| Defendants. | ) | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs' Memorandum in Opposition to Bard's Motion to Dismiss their Amended Complaint attempts to escape dismissal by pointing to the ambiguity of the Amended Complaint. Plaintiffs essentially maintain that, because Plaintiffs' their current "class action" pleadings *could* be read to state certain facts that *might* give rise to a cause of action under *some* state's law, the Motion to Dismiss must be denied. This argument misses the mark, for the case before the court – that of the two named plaintiffs – includes no legally cognizable physical injury and thus does not state a claim upon which relief may be granted in any jurisdiction whose laws may be applied.

**I. The Rule 12(b)(6) Standard.**

Plaintiffs argue that because their Amended Complaint "repeatedly allege[s]" that Plaintiffs have suffered some form of compensable injury (*see* Mem. in Opp. 7) and "adequately allege[s]" the essential elements of each of their the causes of action (*see* Mem. in Opp. 8) their claims should *ipso facto* withstand Defendants' Motion. This is not the case. If one were to accept Plaintiffs' characterization of the Rule 12(b)(6) standard "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility

that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted). Under this standard, Plaintiffs' Amended Complaint cannot survive Defendants' Motion.

## II. Plaintiffs' Composix® Kugel® Patches Have Not Failed, And Plaintiffs Indisputably Suffer From No Physical Injuries.

Plaintiffs' Memorandum in Opposition goes to great lengths to bolster Plaintiffs' "claim that as a direct and proximate result of Defendants' [allegedly] defective design, manufacture, function and/or inadequate warnings regarding the Kugel Mesh, they have sustained, and will continue to sustain, injuries and damages." (Mem. in Opp. 2; *see also id.* 14 ("Defendants' claim that the Plaintiffs have 'no injury' ignores the express allegations of the Complaint.").) But nowhere do Plaintiffs state that the Composix® Kugel® patches they received actually failed, and nowhere do Plaintiffs identify any *physical* injury caused by a manifest defect in the hernia repair patches they received. Plaintiffs' inability to identify a physical injury is perhaps best illustrated by the fact that the closest they can come to naming a physical injury is to point to the surgery they had to have their hernias repaired by the Composix® Kugel® patches in the first place. (*See* Mem. in Opp. 14). But it is hornbook law that a product liability plaintiff must prove that her injuries were *caused by* the defective product. Here, Plaintiffs cannot even allege that the patches implanted into them have failed, and they cannot plausibly suggest that any alleged defect in their Composix® Kugel® patches caused them to have the surgery required to repair their hernias.

Plaintiffs' contention that they have compensable personal injuries is further belied by the admissions contained within their original complaint. Before they withdrew that complaint, Plaintiffs identified themselves as *representative members* of a putative class of persons who "have *not developed a manifest and diagnosed injury . . . of a degree or severity that would permit individual personal injury lawsuits to be commenced* in their state of residence." (Orig. Compl. ¶ 29) (emphasis added).[1] Even if Plaintiffs had altered their pleadings to now allege physical injuries – which they have not – this maneuver would be unavailing in light of their prior admission. *Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., Inc.*, 976 F.2d 58 (1st Cir. 1992) instructs that "[a] party's assertion of *fact* in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." *Id.* at 61 (emphasis added); *see also id.* (agreeing with district court's conclusion that, "[a]bsent circumstances warranting relief from this judicial admission, the . . . plaintiff should not be allowed to contradict its express factual assertion in an attempt to avoid summary judgment.").[2]

In sum, Plaintiffs "ha[ve] fallen victim to the well-settled rule that a party is bound by what it states in its pleadings. 'Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them.' A plaintiff can 'plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts.' We have applied this rule on numerous occasions in

---

[1] Plaintiffs' argument that class definitions may be changed in the course of class certification proceedings is beside the point; the issue here is that they identified *themselves* as belonging to a group of persons without injuries compensable by the tort laws of their states of residence.

[2] Plaintiffs' reliance on *Schott* (*see* Mem. in Opp. 7) is entirely misplaced. In *Schott*, the First Circuit rejected Plaintiffs' argument that the conventions of alternative or hypothetical pleading allow them to plead inconsistent facts from one complaint to the next. *See Schott*, 976 F.2d at 61-62 (finding that clear and unambiguous factual allegations in original complaint constituted binding judicial admissions; "thus, the cases noting that judicial admissions should not be applied to undermine the privilege of alleging inconsistent facts in alternative pleadings provide no aid to plaintiff").

the past, and although the rule smacks of legalism, judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." *Soo Line R. Co. v. St. Louis Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) (citations omitted). At bottom, Plaintiffs' artful, changing pleadings cannot change the simple fact that neither Montiel nor Nunes-McNamara has suffered any physical injury. Plaintiffs' lack of physical injury is an essential fact that strikes at the viability of Plaintiffs' product liability claims, and the Court need not turn a blind eye to it simply because Plaintiffs filed their Amended Complaint in an effort to shroud the true nature of their claims. *See Schott*, 976 F.2d at 62 (noting that Rule 8 of the Federal Rules of Civil Procedure does not require a court to fabricate claims for plaintiff).

## III. In Order For This "Class Action" To Survive, Plaintiffs Individually Must State A Claim Upon Which Relief May Be Granted.

The Court should disregard Plaintiffs' request that it deny Defendants' Motion solely because of a so-called "absence of a choice of law analysis." (Mem. in Opp. 4.) As part of this argument, Plaintiffs incorrectly suggest that the viability of the claims brought by the two named plaintiffs is immune from scrutiny under any state's law because their Amended Complaint bears a "class action" moniker. (*See* Mem. in Opp. 5-6 ("The choice of law analysis in a class action is properly undertaken in the context of the class certification predominance analysis under Fed. R. Civ. P. 23(b)(3).").) The fact that a conflict-of-laws analysis should be conducted as part of a class-action predominance determination does not foreclose the present application of state law in the evaluation of Plaintiffs' *individual* claims, which is the issue presented by the motion to dismiss.[3] Plaintiffs have not yet even moved for certification of their putative class, and none

[3] Plaintiffs agree that state law will govern their claims. (*See* Mem. in Opp. 4 ("It is inescapable that Plaintiffs' claims will be governed by State law.").)

exists. And of course, "it is appropriate to examine the merits of an individual plaintiff's claim prior to reaching the issue of class certification. [For, a]n individual without a valid claim cannot be a proper class representative." *Brandfast v. Primerica Financial Services, Inc.*, No. 3:04-CV-551, 2005 WL 1130365, at *3 (E.D. Tenn. May 13, 2005) (citing *Miami Univ. Wrestling Club v. Miami Univ.*, 302 F.3d 608, 618 (6th Cir.2002)); *see Berger v. Metra Electronics Corp.*, No. 92CIV.6452(LBS), 1994 WL 97091, at *3 (S.D.N.Y. Mar. 23, 1994) ("It is also worth noting that in a class action, plaintiff cannot be a member of the class of shareholders, much less the class representative, if she herself does not have a valid claim."); *Robinson v. First Nat. City Bank*, 482 F. Supp. 92, 100 (S.D.N.Y. 1979) ("It is clear that in this case, the named plaintiffs whose individual claims are barred are neither typical nor adequate representatives of the remaining class . . . . Under these circumstances, the action cannot proceed as a class action and must be dismissed."); *see also Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001) (until a putative class has ben certified, only the claims of the named plaintiffs are at issue).

In any event, Plaintiffs' absence-of-choice-of-law-analysis argument fails for the simple reason that there is no conflict of laws, and therefore no need for either this Court or Defendants to conduct a full-blown choice of law analysis. "It is a well-established – and prudential – principle that when the result in a case will not be affected by the choice of law, an inquiring court, in its discretion, may simply bypass the choice." *Lexington Ins. Co. v. General Acc. Ins. Co. of America*, 338 F.3d 42, 46 (1st Cir. 2003); *see also Fratus v. Republic Western Ins. Co.*, 147 F.3d 25, 28 (1st Cir. 1998) ("A federal court sitting in diversity need not make a finding regarding which state's law is to be applied where the case's resolution would be identical under either state's law."). Defendants' Motion demonstrated that Plaintiffs' claims fail for the same reasons under the law of any one of the three jurisdictions that might reasonably be implicated:

California, Illinois, and Rhode Island.[4] Indeed, this central point of Defendants' motion remains unchallenged as Plaintiffs fail to either distinguish the holdings described in Defendants' Motion or present (accurately) any contrary authority that would allow Plaintiffs' claims to go forward.[5]

## IV. Plaintiffs' Tort, Warranty, And Unjust Enrichment Claims Fail As A Matter Of Law.

Defendants will not burden the Court with lengthy, repetitive arguments, but will instead refer the Court to the largely unrebutted arguments and authorities laid out in Defendants' Motion, which show that Plaintiffs' negligence, implied warranty, and unjust enrichment claims fail as a matter of law. To the extent that Plaintiffs' Memorandum in Opposition raises any dispute with the arguments or authorities addressed in Defendants' Motion, those points may be addressed in summary fashion as follows.

---

[4] Because Montiel is an Illinois resident who received her Composix® Kugel® patch in Illinois, her claims would be governed by Illinois law. Because Nunes-McNamara is a California resident who received her Composix® Kugel® patch in California, her claims would be governed by California law. *See Montaup Elec. Co. v. Ohio Brass Corp.*, 561 F. Supp. 740, 744-45 (finding it "clear beyond cavil" that law of state of plaintiff's residence would govern tort and warranty claims where same state was where allegedly defective product was delivered, installed, used, and "ostensibly failed"); *see also Turcotte v. Ford Motor Co.*, 494 F.2d 173, 178 (1st Cir. 1974) (noting state of plaintiff's residence maintains a "particularly compelling" interest in application of its law in tort case involving allegations of "substantial personal injury or death"). In an abundance of caution, Defendants' Motion addressed Rhode Island law not because any of the parties reside there, but because Defendants (correctly) predicted that Plaintiffs might invoke Rhode Island law since they filed suit in Rhode Island and explicitly invoked Rhode Island law with their original complaint.

[5] Although Plaintiffs at one point suggest that Rhode Island law should temporarily govern Plaintiffs' claims (*see* Mem. in Opp. 6), Plaintiffs' arguments find little support in Rhode Island law, as Defendants' Motion made clear. Plaintiffs implicitly recognize that Rhode Island law offers them no safe harbor, as they repeatedly cite to the decisions of other courts – applying the substantive law of states other than Rhode Island – in their failed effort to justify Plaintiffs' present claims. Plaintiffs' alternative statement that New Jersey law might apply (*see* Mem. in Opp. 5 n.1) is made without any attempt to point to a choice-of-law rule or principle that would select New Jersey. Furthermore, the New Jersey authority with "particular significance," according to Plaintiffs (*see* Mem. in Opp. 15 n.11), does not contain – at the pinpoint citation Plaintiffs offer or anywhere else – the language or principle they quote. Instead, *Thiedemann v. Mercedes-Benz* held that owners of cars with defective fuel guages which *actually failed* nevertheless had no cause of action under New Jersey's consumer protection statute due to their failure to satisfy the ascertainable loss rule. *SeeThiedemann*, 872 A.2d 783, 792 (N.J. 2005). Even if this case were subject to New Jersey law, which it is not, the actual *Thiedemann* holding does not save Plaintiffs' claims.

Plaintiffs' personal injury claims – regardless of the theory of recovery – fail because they admittedly have no physical injuries.

Plaintiffs' claims for "emotional harm" fail for the same reason: Plaintiffs have no physical injuries. *See Erlich v. Menezes*, 981 P.2d 978, 985 (Cal. 1999) ("The fact that emotional distress damages may be awarded in some circumstances does not mean they are available in every case in which there is an independent cause of action founded upon negligence. No California case has allowed recovery for emotional distress arising solely out of property damage; moreover, a preexisting contractual relationship, without more, will not support a recovery for mental suffering where the defendant's tortious conduct has resulted only in economic injury to the plaintiff." (citations and quotation marks omitted)); *Cleveland v. Rotman*, 297 F.3d 569, 574 (7th Cir. 2002) (noting that "Illinois follows the 'impact rule,' which allows a plaintiff to recover for negligent infliction of emotional distress only if the distress is directly and causally related to a physical injury"); *Caletz ex rel. Estate of Colon v. Blackmon*, 476 F.Supp.2d 946, 962 (N.D. Ill. 2007) (discussing Illinois rule that emotional distress damages are recoverable only where plaintiff suffers "contemporaneous physical injury or impact."); *Perrotti v. Gonicberg*, 877 A.2d 631, 637 (R.I. 2005) (noting that Rhode Island law recognizes claims for negligent infliction of emotional distress only in "zone of danger" and bystander cases, and in either case the severe emotional distress must be accompanied by physical harm; "the mere possibility of some future harm occurring as the result of defendant's negligence is not enough by itself to support a negligence claim").

The universally-accepted economic loss doctrine bars any tort law claims that seek recovery for any alleged diminution in the value of the Composix® Kugel® patches Plaintiffs received, including the costs to replace those (non-defective) products. *See, e.g.*, *Seely v. White*

*Motor Co.*, 403 P.2d 145, 151 (Cal. 1965) ("Even in actions for negligence, a manufacturer's liability is limited to damages for physical injuries and there is no recovery for economic loss alone. The Restatement of Torts similarly limits strict liability to physical harm to person or property." (citations omitted)); *Loman v. Freeman*, -- N.E.2d --, No. 4-06-0330, 2006 WL 3775309, *8 (Ill. App. Ct. Dec. 15, 2006) ("In contrast to a contractual claim, which alleges only economic damages or disappointed commercial expectations, a tort claim alleges the infliction of personal injury or property damage by a sudden or dangerous occurrence – 'property damage' meaning damage to property other than the defective product itself." (citations omitted)); *Gail Frances, Inc. v. Alaska Diesel Elec., Inc.*, 62 F.Supp.2d 511, 517 (D.R.I. 1999) ("The economic loss doctrine bars plaintiffs from 'recovering purely economic losses in a negligence cause of action.' Economic loss is defined as 'costs associated with repair and/or replacement of a defective product, or loss of profits consequent thereto.'" (citations omitted)).

In the absence of physical injuries, Plaintiffs' implied warranty claims are barred for the reason that Plaintiffs lack privity with Defendants. *See, e.g.*, 55 Cal. Jur. 3d (Sales) § 77 (2006) (noting that lack of privity is a defense to an action based on breach of an implied warranty, albeit not in actions for physical harm to persons); *Jensen v. Bayer AG*, 862 N.E.2d 1091, 1099-1100 (Ill. App. Ct. 2007) (recognizing that "a plaintiff may be excepted from the privity requirement by suing for personal injury" and affirming summary judgment where plaintiff did not and admittedly could not base implied warranty claims upon allegations of personal injury). Plaintiffs' Memorandum in Opposition never challenged this point, and it is dispositive of Plaintiffs' implied warranty allegations.

In addition, the lack of any allegation that the Composix® Kugel® patches Plaintiffs received have malfunctioned precludes Plaintiffs' implied warranty claims. *See, e.g.*, *Khan v.*

*Shiley Inc.*, 217 Cal. App. 3d 848, 857 (1990) (holding that under California law "[a] cause of action d[id] not . . . exist under any theory premised on the *risk* the valve *may* malfunction in the future. This includes negligence, *i.e.*, failure to warn, and breach of warranty"); *Verb v. Motorola, Inc.,* 672 N.E.2d 1287, 1295 (Ill. App. Ct. 1996) (dismissing claims against cellular telephone manufacturers alleging potential safety defects because "plaintiffs' future personal injury and damages claims constitute conjecture and speculation"); *Castrignano v. E.R. Squibb & Sons, Inc.*, 546 A.2d 775, 783 n.5 (R.I. 1988) (noting elements of breach of implied warranty claim, including, *inter alia*, allegations of "injury and damages to the plaintiff or his property . . . cause[d] proximately and in fact by the defective nature of the goods").[6]

Plaintiffs' unjust enrichment claims fail for the same reason. Even assuming unjust enrichment claims constitute an independent cause of action,[7] Plaintiffs each received functioning medical products that have performed without defect. For this reason, even assuming Defendants were "enriched" as a result of Plaintiffs' transaction with their medical providers, the Defendants have not been *unjustly* enriched. *See Rhode Island Bhd. of Corr. Officers v. Rhode Island*, 264 F. Supp. 2d 87, 105 (D.R.I. 2003) ("[T]he equitable remedy of unjust enrichment is not appropriate here, because the doctrine presupposes that if plaintiff were left without a remedy, plaintiff would suffer a net loss. That is, defendant would have received a benefit 'at the expense of' plaintiff. In the present case, however, plaintiff has not alleged . . .

---

[6] Plaintiffs suggest that "Defendants' recall of the devices at issue in this case, in itself, could be seen as an indication that such goods were not merchantable." (Mem. in Opp. 10 n.5.) However, "[a] manufacturer recall does not admit a defect in a particular product, but refers to the *possibility* of a defect in a certain class of products." *Bagel v. American Honda Motor Co., Inc.*, 477 N.E.2d 54, 58 (Ill. App. Ct. 1985) (emphasis added). Therefore, Defendants' letters do not constitute an admission of product defect. *Id.*; *see also Jensen v. Bayer AG*, 862 N.E.2d 1091, 1098 (Ill. App. Ct. 2007) ("[I]t is a well-established principle of law that a recall announcement is not an admission of fault.").

[7] At least one relevant jurisdiction, California, does not recognize a cause of action for unjust enrichment. *See Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1174 (E.D. Cal. Feb. 12, 2007).

facts which would support a finding that plaintiff . . . ha[s] suffered a net loss" consequent to any transaction with the defendant. (citation omitted)).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion and dismiss Plaintiffs' Amended Complaint with prejudice.

RESPECTFULLY SUBMITTED this 4th day of June, 2007.

/s/ Mark T. Nugent
Mark T. Nugent
RI Bar No. 2637
MORRISON MAHONEY LLP
121 South Main Street, Suite 600
Providence, RI 02903-7141
(401) 331-4660
(401) 351-4420 (fax)
mnugent@morrisonmahoney.com

Joe G. Hollingsworth, *pro hac vice*
D.C. Bar No. 203273
Kirby T. Griffis, *pro hac vice*
VA Bar No. 39342
William J. Cople, III, *pro hac vice*
D.C. Bar No. 384984
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)
jhollingsworth@spriggs.com
kgriffis@sprigg.com
wcople@spriggs.com

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2007, a true and correct copy of the foregoing Defendants' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Donald A. Migliori
MOTLEY RICE
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067

*Counsel for Plaintiffs*

/s/ Mark T. Nugent
Mark T. Nugent